IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY ANDREWS | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:19-cv-00670-CCW |
| | : | |
| v. | : | |
| | : | |
| ALLEGHENY COUNTY; ORLANDO HARPER, Warden of Allegheny County Jail; LAURA WILLIAMS, Chief Deputy Warden of Healthcare Services; MICHAEL BARFIELD, Mental Health Director; CHARLES FRANK, Captain; ALYSSIA TUCKER, Sergeant; CHRISTOPHER RADACI, Sergeant; MARK FALCONE, Sergeant; KENNETH WISEMAN, Captain | : : : : : : : | JURY TRIAL DEMANDED |
| Defendants. | | |

**PLAINTIFF'S PRE-TRIAL STATEMENT**

AND NOW, comes the Plaintiff, by and through her counsel, and pursuant to the Court Order of July 15, 2021 (Dkt No. 104) and Local Civil Rule 16.1(C), and submits this Pre-trial Statement.

**A. A SHORT CONCISE STATEMENT OF THE CASE**

Plaintiff Kimberly Andrews suffers from asthma and serious psychiatric disabilities of Bipolar Disorder, Post-Traumatic Stress Disorder, and Borderline Personality Disorder. While she was held as a pretrial detainee at the Allegheny County Jail ("ACJ") between February and June of 2019, again between September and November of 2019, and also between February and March and May and November of 2020, she experienced significant harm to her mental health and suffered numerous unwarranted officer assaults.

1

Plaintiff's mental illnesses were greatly exacerbated by Defendants Warden Orlando Harper and Deputy Chief of Healthcare Service Laura Williams placing and retaining her in solitary confinement for more than 150 days, which caused Plaintiff to attempt suicide on six occasions, five of which required hospitalization. Defendants Harper and Williams are liable under the Fourteenth Amendment for holding Plaintiffs Andrews in solitary confinement despite knowing the serious risk the extreme conditions of isolation had on her mental health.

Additionally, Defendants Harper, Williams, and Michael Barfield, the Mental Health Director for ACJ at the time, are liable for denying Plaintiff adequate mental healthcare, by authorizing, promulgating or acquiescing in policies and practices that deprived her meaningful counseling/therapy, mismanaging her medications and treatments, and for failing to train their staff on providing appropriate mental health interventions that would have helped ameliorate her worsening mental health symptoms and prevented unnecessary uses of force.

Correctional officers assaulted Plaintiff on four separate occasions: Defendants Capt. Kenneth Wiseman on May 22, 2019; Sgt. Alyssia Tucker on May 31, 2019; Capt. Stephanie Frank on October 22, 2019; and Sgt. Mark Falcone and Sgt. Christopher Radaci on November 8, 2019. These officers used excessive force against Plaintiff, including spraying her with highly potent chemical agents, tasing her, cutting her clothes off, using pain compliance techniques, sitting on top of her body. They also placed her in a restraint chair—sometimes while naked—for several hours where she was denied medication, mental health treatment, bathroom-breaks, and given little to no opportunity to move her libs.

In addition to the ACJ's violations of the Fourteenth Amendment, Defendant Allegheny County is liable for violating the Americans with Disabilities Act and the Rehabilitation Act by failing to reasonably accommodate Plaintiff's disabilities, for denying her access to the jail's

2

programs, benefits, and services, her right to integrated housing, and for promulgating discriminatory policies and practices at ACJ, which resulted in Plaintiff's placement and retention in solitary confinement and the uses of force against her.

**B.      ITEMIZATION OF DAMAGES AND OTHER RELIEF REQUESTED**

As a result of Defendants' actions, Plaintiff suffered physical pain and emotional distress and seeks compensatory damages for her pain and suffering, along with punitive damages from the individual defendants. Plaintiff does not allege that she was hospitalized for uses of force, and does not seek past earnings, medical expenses, or property damage. Plaintiff also seeks reasonable attorneys' fees and costs, and such other relief as the Court deems just.

Plaintiff also seeks injunctive relief. Plaintiff seeks this Court to enter a Permanent Injunction enjoining Defendants from placing or retaining Plaintiff in solitary confinement or restricted housing units or any conditions of severe isolation that deprive her of her mental health. Plaintiff also seeks this Court to enter a Permanent Injunction ordering Defendants to provide necessary mental health care to Plaintiff, including diagnostic assessments, therapeutic interventions, counseling, and confidential clinician-patient interactions, as well as any other care determined necessary and proper based on the record before the Court.

**C.      LIST OF WITNESSES AND SUMMARY OF TESTIMONY:**

**Witnesses That Will Testify**

1. Plaintiff Kimberly Andrews
   1100 O'Neil Boulevard
   McKeesport, PA 15132, Apt. 7

This witness is expected to testify about being kept in solitary confinement, being denied mental healthcare, and correctional officers using force against her and placing her in a restraint chair while she was confined at ACJ as a pretrial detainee.

2. Defendant Orlando Harper
   Allegheny County Jail
   950 Second Ave. Pittsburgh, PA 15219

This witness is expected to testify about ACJ's policies and practices for use of force, mental healthcare, and providing accommodations to incarcerated persons with disabilities. This witness is also expected to testify about his decisions to place and retain Plaintiff in solitary confinement.

3. Defendant Michael Barfield
   UPMC Western Psychiatric Hospital
   3811 O'Hara Street, Pittsburgh, PA 15213

This witness is expected to testify about ACJ's policies and practices for mental healthcare and accommodations provided to incarcerated persons with psychiatric disabilities while he served as ACJ's Director of Mental Healthcare. This witness is also expected to testify about his decisions to keep Plaintiff Andrews in solitary confinement.

4. Sgt. Randy Justice
   Allegheny County Jail
   950 Second Ave. Pittsburgh, PA 15219

This witness is expected to testify about training correctional officers about ACJ's policies and practices for use of force, de-escalation, and providing accommodations for incarcerated persons with a disability.

5. Defendant Sgt. Alyssia Tucker
   Allegheny County Jail
   950 Second Ave. Pittsburgh, PA 15219

This witness is expected to testify about using force on Plaintiff Andrews on or about May 31, 2019, and about the training they received on use of force at ACJ.

6. Defendant Capt. Stephanie Frank
   Allegheny County Jail
   950 Second Ave. Pittsburgh, PA 15219

   This witness is expected to testify about using force on Plaintiff Andrews on or about October 22, 2019, and about the training they received on use of force at ACJ.

7. Defendant Sgt. Mark Falcone
   Allegheny County Jail
   950 Second Ave. Pittsburgh, PA 15219

   This witness is expected to testify about using force on Plaintiff Andrews on or about November 8, 2019, and about the training they received on use of force at ACJ.

8. Defendant Sgt. Christopher Radaci
   Allegheny County Jail
   950 Second Ave. Pittsburgh, PA 15219

   This witness is expected to testify about using force on Plaintiff Andrews on or about November 8, 2019, and about the training they received on use of force at ACJ.

9. Defendant Capt. Kenneth Wiseman
   Allegheny County Jail
   950 Second Ave. Pittsburgh, PA 15219

   This witness is expected to testify about using force on Plaintiff Andrews on or about May 22, 2019, and about the training they received on use of force at ACJ.

**Witnesses That May Testify**

10. Defendant Laura Williams
    Allegheny County Jail
    950 Second Ave., Pittsburgh, PA 15219

**D.  DESIGNATION OF DEPOSITIONS AND OBJECTIONS THERETO:**

Plaintiff intends to use the deposition transcripts for cross-examination purposes. If a witness makes statements at trial that are contrary to their deposition testimony, then Plaintiff may seek to admit statements made at in their deposition. At the current time, no witnesses are expected to testify by deposition. Plaintiff reserves the right to amend this response in a timely manner pre-trial.

**E.  LIST OF EXHIBITS:**

Plaintiff reserves the right to supplement or amend this trial exhibit list. Plaintiff further reserves the right to use as an exhibit any document listed as an exhibit by any Defendant and to use any additional exhibits to rebut testimony and evidence presented by Defendants. Plaintiff further reserves the right to use any document for impeachment purposes.

**Exhibits Plaintiff Expects to Offer**

Defendant Harper's Responses to Plaintiff's First Requests for Admissions – Ex. 1

Defendant Williams' Responses to Plaintiff's First Requests for Admissions – Ex. 2

Defendant's Responses to Plaintiff's First Set of Interrogatories – Ex. 3

Policy No. 207 (Use of Force) – Ex. 4

Policy No. 208 (Emergency Restraint Chair) – Ex. 5

Policy No. 231 (Procedures for Inmates on Administrative, Protective and Disciplinary Housing – Ex. 6

Policy No. 234 (Strip Search Cage RHU-Restricted Housing) – Ex. 7

Policy No. 305 (Mental Health Screening and Commitments) – Ex. 8

Policy No. 307 (Distribution of Medications to Inmate Population) – Ex. 9

Policy No. 500 (Inmate Disciplinary Procedures) – Ex. 10

Policy No. 501 (Informal Resolutions) – Ex. 11

Policy No. 506 (Anti-Discrimination) – Ex. 12

ACJ Healthcare Staff Vacancies Bates No. AC-4805 – 4813 – Ex. 13

5/22/2019 Handheld Camera Footage – Ex. 14

5/30/2019 006 Gr. Floor-Elev #3 CCTV Footage – Ex. 15

5/30/2019 54 Intake H9 CCTV Footage – Ex. 16

5/30/2019 992 Elv 2 CCTV Footage – Ex. 17

10/22/2019 541 5 MD CELL 27 CCTV Footage – Ex. 18

11/8/2019 554 5M D3 CCTV Footage – Ex. 19

11/8/2019 540 5 FL D-M PTZ CCTV Footage – Ex. 20

11/8/2019 Handheld Camera Footage – Ex. 21

5MD Out of Cell Time Review Bates No. AC-3141-3143 – Ex. 22

Copy of Out of Cell DOC 188957 8-19-20 through 9-30-20 Bates No. AC-4814 - 4815 – Ex. 23

Inmate Complaint/Appeal Forms Bates No. AC-3689 – 3626 – Ex. 24

Offender Management System Report Bates No. AC-1071 – 1078 – Ex. 25

Misconduct Records Bates No. AC-1052 – 1064 – Ex. 26

5/31/19 Restraint Chair Form Bates No. AC-999 – Ex. 27

11/8/19 Use of Force Reports Bates No. AC-3523 – 3539 – Ex. 28

Medication Administration Record-September 2019 Bates No. AC-1237-38 – Ex. 29

Allegheny General Hospital Records, Bates No. AC-1-787 – Ex. 30

MH Close Observation Treatment Plan 5/23/19 – Bates No. AC-4183-4186 – Ex. 31

MH Close Observation Treatment Plan 9/21/19 – Bates No. AC-2798-2801 – Ex. 32

Suicide Watch Note 9/25/19 – Bates No. AC-2781-2787 – Ex. 33

MH Regular Observation Treatment Plan 9/27/19 – Bates No. AC-2776-2780 – Ex. 34

Progress notes – September 2019 – Bates No. AC-2429 – Ex. 35

MH Close Observation Treatment Plan 10/22/19 – Bates No. AC-2772-2775 – Ex. 36

Psychiatric Progress Note 6/11/20 – Bates No. AC-2838-2843 – Ex. 37

Suicide Watch Discontinuation 10/24/19 – Bates No. AC-3053-3058 – Ex. 38

Progress notes – March 2020 – Bates No. AC-2400 – Ex. 39

MH Close Observation Treatment Plan 6/10/20 – Bates No. AC-2730-2733 – Ex. 40

Psychiatric Progress Note 6/12/20 – Bates No. AC-2832-2837 – Ex. 41

Psychiatric Progress Note 6/13/20 – Bates No. AC-4755-4759 – Ex. 42

Psychiatric Progress Note 6/14/20 – Bates No. AC-4750-4754; 4640 – Ex. 43

Suicide Watch Discontinuation – 6/14/20 – Bates No. AC-3046-3052 – Ex. 44

Psychiatric Progress Note – 5/29/20 – Bates No. AC-4745-4749 – Ex. 45

Psychiatric Progress Note – 6/19/20 – Bates No. AC-4740-4744 – Ex. 46

Psychiatric Progress Note – 6/25/20 – Bates No. AC-4735-4739 – Ex. 47

MH Regular Observation Treatment Plan – 7/23/20 – Bates No. AC-4643-4646 – Ex. 48

Psychiatric Progress Note – 6/26/20 – Bates No. AC-4730-4734 – Ex. 49

Psychiatric Progress note – 7/3/20 – Bates No. AC-4725-4729 – Ex. 50

Psychiatric Progress Note – 7/10/20 – Bates No. AC-4720-4724 – Ex. 51

Psychiatric Progress Note – 7/17/20 – Bates No. AC-4715-4719 – Ex. 52

Psychiatric Progress Note – 7/24/20 – Bates No. AC-4710-4714 – Ex. 53

Psychiatric Progress Note – 7/31/20 – Bates No. AC-4705-4709 – Ex. 54

Psychiatric Progress Note – 8/6/20 – Bates No. AC-4700-4704 – Ex. 55

Psychiatric Progress Note – 8/13/20 – Bates No. AC-4695-4699 – Ex. 56

Psychiatric Progress Note – 8/20/20 – Bates No. AC-4689-4694 – Ex. 57

Psychiatric Progress Note – 8/27/20 – Bates No. AC-4683-4688 – Ex. 58

Psychiatric Progress Note – 9/3/20 – Bates No. AC-4677-4682 – Ex. 59

Psychiatric Progress Note – 9/10/20 – Bates No. AC-4671-4676 – Ex. 60

Psychiatric Progress Note – 9/17/20 – Bates No. AC-4665-4670 – Ex. 61

Psychiatric Progress Note – 9/24/20 – Bates No. AC-4659-4664 – Ex. 62

Psychiatric Progress Note – 9/26/20 – Bates No. AC-4653-4658 – Ex. 63

Psychiatric Progress Note – 9/27/20 – Bates No. AC-4647-4652 – Ex. 64

Allegheny General Hospital Records – 6/8/19 – Bates No. AC-2-20 – Ex. 65

Allegheny General Hospital Records – 5/21/19 – Bates No. AC-33-36 – Ex. 66

Authorization for ROI – 2/28/19 – Bates No. AC-59-61 – Ex. 67

UPMC Children's Outpatient Evaluations – 2/20/18 – Bates No. AC-78-88 – Ex. 68

UPMC Children's Outpatient Evaluations – 4/26/17 – Bates No. AC-97-106 – Ex. 69

Sick Call Request – 5/7/19 – Bates No. AC-11 – Ex. 70

Request to Staff – 2/29/19 – Bates No. AC-120 – Ex. 71

Sick Call Request – 2/20/19 – Bates No. AC-123 – Ex. 72

Drug Orders – 6/10/19 – Bates No. AC-129-132 – Ex. 73

Drug Administrations – 6/10/19 – Bates No. AC-133-196 – Ex. 74

Treatments – 6/10/19 – Bates No. AC-197 – Ex. 75

Flags – 6/10/19 – Bates No. AC-199 – Ex. 76

Sick Calls – 6/10/19 – Bates No. AC-202-204 – Ex. 77

Progress Notes – Bates No. AC-208-240 – Ex. 78

Medical Emergency Progress Note – 6/8/19 – Bates No. AC-254-257 – Ex. 79

Medical Emergency Progress Note – 5/30/19 – Bates No. AC-258-261 – Ex. 80

Medical Emergency Progress Note – 5/21/19 – Bates No. AC-264-267 – Ex. 81

ER Referral – 6/8/19 – Bates No. AC-357-359 – Ex. 82

ER Referral – 5/22/19 – Bates No. AC-364-366 – Ex. 83

Mental Health Screening – 6/10/19 – Bates No. AC-512-522 – Ex. 84

MH Close Observation Treatment Plan – 5/23/19 – Bates No. AC-554-557 – Ex. 85

Mental Health Encounter – 5/19/19 – Bates No. AC-558-560 – Ex. 86

Suicide Watch Discontinuation – 6/2/19 – Bates No. AC-625-631 – Ex. 87

Suicide Watch Discontinuation – 5/24/19 – Bates No. AC-632-638 – Ex. 88

Suicide Watch Discontinuation – 3/18/19 – Bates No. AC-639-645 – Ex. 89

Psychiatric Progress Notes – 2/13/19 through 6/9/19 – Bates No. AC-646-764 – Ex. 90

Psychiatric Evaluation – 2/10/19 – Bates No. AC-765-773 – Ex. 91

Psychiatric Progress Note – 9/17/18 – Bates No. AC-774-779 – Ex. 92

Psychiatric Evaluation – 9/14/18 – Bates No. AC-780-787 – Ex. 93

Suicide Watch Checks; Suicide Intake Risk Assessments – 6/8/19 – Bates No. AC-788-838 – Ex. 94

Mental Health Screening – 2/8/19 – Bates No. AC-839-849 – Ex. 95

Drug Administrations – 8/31/20 – Bates No. AC-3180-3228 – Ex. 96

Progress Notes – 6/10/20 – Bates No. AC-3250-3251 – Ex. 97

Medical Emergency Progress Note – 6/10/20 – Bates No. AC-3252-3254 – Ex. 98

MH Regular Observation Treatment Plan – 7/23/20 – Bates No. AC-3378-3382 – Ex. 99

MH Close Observation Treatment Plan – 6/10/20 – Bates No. AC-3383-3386 – Ex. 100

Allegheny Health Network, After Visit Summary – 9/25/20 – Bates No. AC-4548-4553 – Ex. 101

Drug Orders – 9/28/20 – Bates No. AC-4555-4556 – Ex. 102

Progress Notes – Bates No. AC-4561-4565 – Ex. 103

Medical Emergency Progress Note – 9/25/20 – Bates No. AC-4571-4574 – Ex. 104

**Exhibits Plaintiff May Offer**

5/22/19 Use of Force Reports Bates No. AC-967 – 981

5/30/19 Use of Force Reports Bates No. AC-1036 – 1051

Misconduct Records Bates No. AC-1052 - 1064

Policy No. 234 (Strip Search Cage RHU-Restricted Housing) – Ex. ##

Deposition Transcript of Michael Barfield

Deposition Transcript of Stephanie Frank

Deposition Transcript of Ken Wiseman

Deposition Transcript of Orlando Harper

Deposition Transcript of Randy Justice

Deposition Transcript of Laura Williams

Deposition Transcript of Christopher Radaci

Deposition Transcript of Mark Falcone

**F.     A LIST OF LEGAL ISSUES THAT THE PARTIES BELIEVE SHOULD BE ADDRESSED AT THE FINAL PRE-TRIAL CONFERENCE:**

1. Plaintiff Andrews intends to file a Motion in limine seeking to preclude evidence of her criminal convictions and arrests. Plaintiff reserves the right to file a motion in limine on additional issues as appropriate, by the deadline outlined in the Court's Order (Dkt. No. 104).

2. In *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015)*,* the United States Supreme Court held that a pretrial detainee can show a correctional officer used excessive force in violation of the Fourteenth Amendment by showing the state of mind is objectively unreasonable. That standard applies to Plaintiff's use of force claims. Many circuits have extended *Kingsley's* objective standard to other due process claims by pretrial

detainees, such as challenges to provision of medical/mental health care, conditions of confinement, and claims arising from officials' failure to protect from force by third parties. *See Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019) (holding that pretrial detainee "general conditions of confinement" claims in addition to use of force and medical claims should be analyzed under objective reasonableness standard); *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) ("We … conclude, along with the Ninth and Second Circuits, that medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*."); *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (holding that pretrial detainee claims of denial of medical care "must be evaluated under an objective deliberate indifference standard" in accordance with *Kingsley*); *Richmond v. Huq*, 885 F.3d 928, 938 n.3 (6th Cir. 2018) (stating in context of pretrial detainee denial of medical care claim that "neither party cites *Kingsley* or addresses its potential effect in their briefing," but "we recognize that this shift in Fourteenth Amendment deliberate indifference jurisprudence calls into serious doubt whether [plaintiff] need even show that the individual defendant-officials were subjectively aware of her serious medical conditions and nonetheless wantonly disregarded them"); *Darnell v. Pineiro*, 849 F.3d 17, 33–36 (2d Cir. 2017) (concluding that *Kingsley* "undercut" circuit precedent requiring showing of subjective deliberate indifference for conditions of confinement claim by pretrial detainees, and holding that objective deliberate indifference was correct standard); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016), cert.

12

denied, 137 S. Ct. 831, 197 L. Ed. 2d 69 (2017) (*en banc*) (announcing that *Kingsley* objective standard applied to pretrial detainee claim alleging defendants' failure to protect from use of force). Given the substantial persuasive authority from four circuit courts of appeals that have applied *Kingsley* to medical care and conditions of confinement claims brought by pretrial detainees,[1] Plaintiff seeks this Court to permit her to prove her Fourteenth Amendment claims concerning (1) her conditions of confinement and (2) mental healthcare with the objective standard rather than the deliberate indifference standard.

**G.     SUMMARY OF EXPERT TESTIMONY:**

1. Walter Rhinehart, Psy.D
   Ste. 418 Marilyn Horn Hall
   2 Main Street
   Bradford, PA 16701
   (814) 331-88622

   This expert witness is expected to testify about Plaintiff's mental health diagnoses, the standard of mental healthcare in correctional facilities, whether Plaintiff's treatment needs were met at ACJ, and whether a proposed program of mental health services in the community are better at meeting her mental health needs. Dr. Rhinehart has prepared an expert report in compliance with Fed. R. Civ. Pro. 26(a)(2), which has been produced to Defendants and a copy is enclosed hereto.

2. Bradford Hansen
   3640 J Street

---

[1] The Third Circuit has not yet had occasion to apply the *Kingsley* standard to conditions of confinement or medical care claims brought by pretrial detainees. In a footnote to an unpublished decision, *Moore v. Luffey*, 767 F. App'x 335, 340 (3d Cir. 2019), the court "decline[d] to address whether" to apply the *Kingsley* standard to a serious medical needs claim because it had determined that the plaintiff would fail under both *Kingsley* and deliberate indifference standards.

Lincoln, NB 68510
(402) 476-1517

This expert witness is expected to testify about the standard for using force in correctional facilities, ACJ's uses of force policies and practices, and his conclusions on whether the force used against Plaintiff and her placement in the restraint chair was excessive. Mr. Hansen has prepared an expert report in compliance with Fed. R. Civ. Pro. 26(a)(2), which has been produced to Defendants and a copy is enclosed hereto.

3. Maria Guido, MSW
   1403 Westfield St.
   Pittsburgh, PA 15216
   (412) 628-8393

This expert witness is expected to testify about Plaintiff Andrews' mental health diagnoses, how her placement in solitary confinement and the uses of force affected her health, and treatment recommendations. Mrs. Guido has prepared an expert report that complies with Fed. R. Civ. Pro. 26(a)(2), which has been produced to Defendants and a copy is enclosed hereto.

**H.   REPORTS OF PHYSICIANS:**

Plaintiff does not have physicians' reports that will be presented at trial.

Respectfully submitted,

/s/ Bret Grote
Legal Director
PA I.D. No. 317273
bretgrote@abolitionistlawcenter.org
/s/ Quinn Cozzens
Staff Attorney

PA I.D. No. 323353
qcozzens@alcenter.org
/s/ Jaclyn Kurin
jkurin@alcenter.org
D.C. Bar ID No. 1600719
/s/ Swain Uber, of counsel
swain.uber@gmail.com
PA I.D. No. 323477
/s/ Dolly Prabhu
PA I.D. No. 328999
dprabhu@alcenter.org
Abolitionist Law Center
PO Box 8654
Pittsburgh, PA 15221
412-654-9070

I hereby certify that I served a copy of the foregoing Plaintiff's Pretrial Narrative upon the following person in the manner indicated below:

Service Via ecf

John Bacharach Esquire
Counsel for Allegheny County and Defendants

*s/ Bret D. Grote*
Bret D. Grote
Abolitionist Law Center
P.O. Box 8654
Pittsburgh, PA 15221

Dated: August 4, 2021