IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY ANDREWS, | ) |
| Plaintiff, | ) ) ) 2:19-CV-00670-CCW ) |
| v. | ) ) |
| ORLANDO HARPER, *et al.* | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER ON PRETRIAL MOTIONS IN LIMINE
## (ECF NOS. 128 & 130)

On October 20, 2021, Plaintiff Kimberly Andrews filed two motions in limine, ECF Nos. 128 & 130, to which Defendants Allegheny County, Orlando Harper, Laura Williams, Michael Barfield, Christopher Radaci, Mark Falcone, Alyssia Tucker, Stephanie Frank, and Kenneth Wiseman, have responded. *See* ECF No. 132. For the reasons set forth below, the Court resolves these motions as follows:

   A. Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Criminal Record & Misconducts, ECF No. 128, will be GRANTED in part and DENIED in part; and

   B. Plaintiff's Motion in Limine to Apply the Objectively Unreasonable Standard to Her Fourteenth Amendment Claims, ECF No. 130, will be DENIED.

## I. BACKGROUND

This case centers around the Defendants' treatment of Ms. Andrews during her time as a pretrial detainee at the Allegheny County Jail ("ACJ") during certain periods in 2019 and 2020.

The operative complaint is the Third Amended Complaint. ECF No. 97. Ms. Andrews asserts that various Defendants placed her in a restrictive housing unit ("RHU") akin to solitary confinement, in violation of the Americans with Disabilities Act ("ADA") (Count II), the Rehabilitation Act (Count III), and the Fourteenth Amendment of the U.S. Constitution via 42 U.S.C. § 1983 (Count I). *Id.* ¶¶ 167–85. She also asserts that various Defendants used excessive force against her, in violation of the ADA (Count V), the Rehabilitation Act (Count VI), and the Fourteenth Amendment of the U.S. Constitution via 42 U.S.C. § 1983 (Count IV). *Id.* ¶¶ 186–200. Finally, Ms. Harper asserts that certain Defendants were deliberately indifferent to her serious need for mental health care, in violation of the Fourteenth Amendment of the U.S. Constitution via 42 U.S.C. § 1983 (Count VII). *Id.* ¶¶ 201–202.

## II. Legal Standard

"[A] motion in limine is a pretrial motion which requests that the Court prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." *Smith v. Allstate Ins. Co.*, 912 F. Supp. 2d 242, 246 (W.D. Pa. 2012) (Gibson, J.). A trial court has discretion arising from its "inherent authority to manage the course of trials" to rule on such motions. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). That said, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds" to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *Johnstown Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC*, No. 3:15-cv-22,

2019 U.S. Dist. LEXIS 131234, at *7 (W.D. Pa. Aug. 6, 2019) (Gibson, J.) (internal citation omitted).

### III. Analysis

#### A. Plaintiff's Motion to Exclude Evidence of Her Criminal Record & Misconducts, ECF No. 128, will be Granted in Part and Denied in Part

##### 1. The Parties' Arguments and Uncontested Grounds for Exclusion

Plaintiff's first Motion in Limine, ECF No. 128, seeks to preclude Defendants from examining witnesses, presenting testimony, or introducing any other evidence regarding Ms. Andrews' criminal charges, convictions, sentences, juvenile record, detentions, or misconducts she received while incarcerated.  ECF No. 128 at 1.  Ms. Andrews concedes, however, that with respect to her Section 1983 Fourteenth Amendment conditions of confinement claim (Count 1), Defendants may introduce misconducts concerning the alleged reason for placing her in restricted housing while she was a pretrial detainee at ACJ.  ECF No. 128 at 1;  ECF No. 129 at 3 ("Only the misconducts that pertain to Defendants' alleged reason for placing or retaining Ms. Andrews on a [RHU] would be relevant to [Ms. Andrews' conditions of confinement] claim.").

Ms. Andrews argues that the evidence at issue in this Motion, which relates to her criminal record and her past discipline while a pretrial detainee, should be excluded because it is not relevant, is for the improper purpose of proving her character, and/or is unfairly prejudicial so as to substantially outweigh its probative value.  ECF No. 128 at 1;  *see generally*, ECF No. 129.

Defendants state that they will not attempt to introduce evidence of Ms. Andrews' "juvenile delinquent record or her record of arrests or convictions[1] that have not resulted in a conviction,

---

[1] The Court concludes based on context that Defendants meant to use the word "charges" rather than convictions here.

3

except for her June 20, 2019 conviction for theft." ECF No. 132 at 6.  Defendants' response is silent with respect to Ms. Andrews' prior "sentences," "detentions," and "misconducts." ECF No. 132. As such, the only aspect of Plaintiff's Motion that Defendants challenge is the admissibility of one specific conviction of Ms. Andrews—her June 20, 2019 conviction for theft. ECF No. 132 at 6. The Court will address that conviction separately below and will grant the remaining aspects of Ms. Andrews' Motion.

### 2.  Evidence of Plaintiff's Theft Conviction is Admissible for Impeachment

The only basis Defendants offer for admitting Ms. Andrews' June 20, 2019 conviction for theft is Federal Rule of Evidence 609(a)(1)(A), which permits a party to impeach a witness by evidence of a criminal conviction in certain circumstances. ECF No. 132 at 6, 7 n.4 (confirming Defendants are not arguing for admissibility under Fed. R. Evid. 609(a)(2)). The Court concludes that Ms. Andrews' June 20, 2019 conviction is admissible under Rule 609(a)(1)(A).

Under the Federal Rules of Evidence, evidence must be relevant to be admissible at trial; evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401 & 402. Here, evidence of Ms. Andrews' prior conviction "is relevant to her character for truthfulness because the jury is entitled to weigh her credibility as a witness if she testifies at trial." *Prescott v. R&L Transfer, Inc.*, No. 3:11-203, 2015 U.S. Dist. LEXIS 181906 at *4 (W.D. Pa. Apr. 13, 2015) (Gibson, J.); *see also Wise v. Wash. Cnty.*, Civil Action No. 10-1677, 2014 U.S. Dist. LEXIS 38946, at *7 (W.D. Pa. Mar. 25, 2014) (Fischer, J.).

Under Rule 609(a), evidence of a prior criminal conviction may be admitted "to attack[] a witness's character for truthfulness" in several circumstances. Fed. R. Evid. 609(a)(1). As relevant here, under Rule 609(a)(1)(A), evidence of a criminal conviction for a crime that was

4

punishable by imprisonment for more than one year "must be admitted, subject to Rule 403, in a civil case...." Fed. R. Evid. 609(a)(1)(A). Ms. Andrews concedes that her June 20, 2019 theft conviction is punishable by imprisonment for more than one year and thus meets Rule 609(a)(1)'s one-year threshold. *See* ECF No. 129 at 2 n.2, 5; *see also Prescott*, 2015 U.S. Dist. LEXIS 181906, at *7 (finding that a theft as a misdemeanor of the first degree that was punishable by a term of imprisonment of up to five years satisfies Rule 609(a)(1)'s one-year threshold); *see also Donahue v. City of Hazleton*, No. 3:14-1351, 2021 U.S. Dist. LEXIS 198537, at *6 (M.D. Pa. Oct. 14, 2021).

Because Rule 609 is subject to Rule 403, the Third Circuit requires district courts to weigh the following four factors against the potential prejudice in admitting a conviction: (1) the nature of the conviction; (2) the time elapsed since the conviction; (3) the importance of the witness's testimony to the case; and (4) the importance of the witness's credibility to the claim at hand. *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014) (citing *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007)).

The nature of a theft conviction weighs in favor of admission because "cheating, or stealing are universally regarded as conduct which reflects adversely on [one's] honesty and integrity." *Sharif*, 740 F.3d at 273 n.10 (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967)); *see also Brown v. McCafferty*, No. 18-1126, 2020 U.S. Dist. LEXIS 30736, at *3 (E.D. Pa. Feb. 24, 2020) (finding that the nature of a burglary conviction weighs in favor of admission). Further, Ms. Andrews' theft conviction is not based on similar conduct to the civil rights claims at issue here, which also weighs in favor of admission. *See Prater v. City of Phila.*, No. 11-CV-00667, 2012 U.S. Dist. LEXIS 128224, at *5 (E.D. Pa. Sep. 7, 2012) (noting that "[w]hen prior convictions

are based on similar conduct [at issue in the case being tried], they generally should be 'admitted sparingly'").

With respect to the second factor, Ms. Andrews' June 20, 2019 theft conviction is relatively recent, and will be approximately 2.5 years old when trial is scheduled to begin in late January 2022. Because the theft conviction is not so 'remote in time' from the time of trial, this factor also weighs in favor of admission. *Sharif*, 740 F.3d at 273 (finding that a three-year-old conviction was not "so far remote in time as to be irrelevant").

Finally, both Ms. Andrews' testimony and credibility will be important to establishing her claims. Ms. Andrews contends that many of her claims are corroborated by extrinsic evidence, thus decreasing the probative value of her prior conviction. ECF No. 129 at 5. Defendants counter that Ms. Andrews will be the only plaintiff's witness for some of the events at issue and that, although some instances of use of force are captured on video, not all instances are available nor are all videos self-explanatory. ECF No. 132 at 7–8. As such, Ms. Andrews' testimony likely will be important to establishing her claims, and her credibility will be at issue. *Sharif*, 740 F.3d at 273 ("The final two *Greenidge* factors . . . overlap. [His] testimony was very important as he was his only witness, and for that very reason, his credibility was also crucial to his claim."); *see also Wise*, 2014 U.S. Dist. LEXIS 38946, at *8.

Based on a review of the factors, the Court finds that Ms. Andrews' prior theft conviction is probative and must be balanced under Rule 403 to determine whether the probative value is substantially outweighed by the potential prejudice in admitting the theft conviction. Ms. Andrews generally contends, without analyzing the theft conviction specifically, that the admission of her "criminal record, prior detentions, or misconducts," may lead the jury to be unwilling to award her damages, to focus on the acts leading to her charges, imprisonment, or discipline, and to otherwise

dislike or be hostile to her. ECF No. 129 at 4. With respect to the admissibility of the theft conviction specifically, pursuant to Rule 609(a)(1), Plaintiff simply asserts that "the prejudicial effect of Ms. Andrews' conviction substantially outweighs its probative value, especially in light of the fact that many of her claims are corroborated by extrinsic evidence." ECF No. 129 at 5.

As previously discussed, Ms. Andrews' past conviction for theft does not relate to the types of incidents that are at issue in the current lawsuit. *Sharif*, 740 F.3d at 273 ("[t]he primary concern ... is that the jury may believe that the defendant has a propensity towards acting in conformity with a prior bad act"); *Lopez v. City of Lancaster*, No. 5:19-cv-05104-KSM, 2021 U.S. Dist. LEXIS 218779, at *4 (E.D. Pa. Nov. 12, 2021) (finding a substantial risk of unfair prejudice where a prior conviction for assaulting police may cause jury to assume that any force exerted by defendant at the time of the arrest was justified). In addition, although extrinsic evidence may corroborate some of Ms. Andrews' testimony, not all aspects of her claims are likely to be corroborated, and Ms. Andrews' description of her conduct and Defendants' actions is likely to differ from Defendants' descriptions. Consequently, Ms. Andrews' testimony and her credibility will be important to establishing her claims. Having conducted the relevant balancing under Rule 403, the Court finds that the probative value of the theft conviction is not substantially outweighed by the danger of unfair prejudice.

To further reduce the danger of any unfair prejudice, the Court will provide the jury with a limiting instruction regarding the admissibility of Ms. Andrews' theft conviction, advising the jury that it may only consider the prior conviction as evidence of Ms. Andrews' credibility and not as evidence that she is a bad person or has a propensity to commit crimes. Fed. R. Evid. 105; *see Prater*, 2012 U.S. Dist. LEXIS 128224, at *8. The parties will be ordered to provide a proposed limiting instruction, consistent with Fed. R. Evid. 105 and Third Circuit Model Jury Instruction

7

2.10, for the Court's consideration. For all of these reasons, the Court concludes that Plaintiff's June 20, 2019 theft conviction is admissible for impeachment under Rule 609(a)(1)(A).

In conclusion, Ms. Andrews' Motion in Limine to Exclude Evidence of Plaintiff's Criminal Record & Misconducts, ECF No. 128, is hereby granted in part and denied in part, as follows: Ms. Andrews' request to exclude her June 20, 2019 theft conviction will be **DENIED** to the extent Defendants seek to use such conviction as impeachment evidence under Rule 609(a)(1)(A), and the Court will provide the jury with an appropriate limiting instruction. The remainder of Ms. Andrews' Motion will be **GRANTED**, and testimony or other evidence of the following is excluded:

   a. Ms. Andrews' criminal charges;

   b. Ms. Andrews' criminal convictions, except for the June 20, 2019 theft conviction which is admissible as impeachment evidence as addressed above;

   c. Ms. Andrews' criminal sentences;

   d. Ms. Andrews' juvenile record;

   e. Ms. Andrews' detentions; and

   f. Ms. Andrews' misconducts except those that both (1) relate to Ms. Andrews' Section 1983 Fourteenth Amendment conditions of confinement claim and (2) concern the alleged reason for placing her in restricted housing, which Ms. Andrews did not contest in her Motion.

   **B. Plaintiff's Motion in Limine to Apply the Objectively Unreasonable Standard to Her Fourteenth Amendment Claims, ECF No. 130, will be DENIED**

Ms. Andrews' second Motion in Limine, ECF No. 130, relates to the standard of proof for her Section 1983 claims for violation of her Fourteenth Amendment rights concerning (1) her

conditions of confinement (Count I) and (2) mental healthcare (Count VII) while she was a pretrial detainee at the ACJ.  ECF No. 130.

The parties generally agree that, because Ms. Andrews was a pretrial detainee, as opposed to a convicted prisoner, at the ACJ, we must analyze her claims under the Fourteenth Amendment, as opposed to the Eighth Amendment, which applies to convicted prisoners.  ECF No. 131 at 1; ECF No. 132 at 2;  *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979) (citing *Ingraham v. Wright*, 430 U.S. 651, 671–72, n.40 (1977));  *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008).  The parties disagree, however, as to whether Ms. Andrews must prove her Fourteenth Amendment claims in Counts I and VII by showing that Defendants were "deliberately indifferent," or whether she must merely show that Defendants' actions were "objectively unreasonable."  ECF No. 131 at 1–5;  ECF No. 132 at 1–6.  Ms. Andrews advocates for the objectively unreasonable standard, while Defendants propose deliberate indifference.  *See generally*, ECF No. 131 at 1–5;  ECF No. 132 at 2–6.  The parties acknowledge that the Third Circuit has not yet definitively resolved this issue, and that there is a circuit split.  ECF No. 131 at 4–5;  ECF No. 132 at 5–6.

### 1. The Fourteenth Amendment Provides the Appropriate Grounds for Ms. Andrews' Claims

"[W]hen pretrial detainees challenge their conditions of confinement," the Court must consider whether there has been "a violation of the Due Process Clause of the Fourteenth Amendment."  *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008).  "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."  *Bell v. Wolfish*, 441 U.S. 520, 535–36, (1979).  "[A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose."  *Stevenson v.*

9

*Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (citing *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999)).

Although the Eighth Amendment does not apply to pretrial detainees, the substantive due process guarantees afforded by the Fourteenth Amendment "are at least as robust as Eighth Amendment protections afforded prisoners." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 325 (3d Cir. 2020). Here, Ms. Andrews is a pretrial detainee, not a convicted inmate, thus the Fourteenth Amendment governs her claims concerning (1) her conditions of confinement (Count I) and (2) mental healthcare (Count VII) while she was at the ACJ. That being said, much of the Third Circuit's jurisprudence on the Fourteenth Amendment has been informed by the Eighth Amendment. *See Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000) ("[P]retrial detainees are entitled to at least as much protection as convicted prisoners, so the protections of the Eighth Amendment would seem to establish a floor of sorts." (internal citations and quotations omitted)); *see also Hammonds v. Allegheny Cnty. Bureau of Corr.*, Civil Action No. 2:18-cv-1389, 2019 U.S. Dist. LEXIS 135923, at *5 (W.D. Pa. Aug. 13, 2019) (Eddy, M.J.) ("[W]hen analyzing conditions of confinement claims for pre-trial detainees, courts utilize the jurisprudence developed under the Eighth Amendment."); *Jackson v. United* States, No. 15-153 ERIE, 2018 U.S. Dist. LEXIS 13970 (W.D. Pa. Jan. 26, 2018) (Baxter, J., then-M.J.), *report and recommendation adopted by*, 2018 U.S. Dist. LEXIS 46186 (W.D. Pa. Mar. 21, 2018) (Rothstein, J.) ("[T]he Court looks to the Eighth Amendment standard as a guideline for the Fourteenth Amendment review").

### 2. The Parties Dispute the Scope of *Kingsley*'s Holding

In *Kingsley v. Hendrickson*, the United States Supreme Court held that to prove an excessive force claim under the Fourteenth Amendment, a pretrial detainee must only show that the officers' use of that force was objectively unreasonable rather than show that the officers were

subjectively aware that their use of force was unreasonable.  576 U.S. 389, 392 (2015).  The Supreme Court found that the objectively unreasonable standard applied because precedent, notably *Bell v. Wolfish*, allows a detainee to show that they are unconstitutionally "punished" within the meaning the Fourteenth Amendment "by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose."  *Id.* at 398.

Seeking to apply the rationale of *Kingsley* to her other Fourteenth Amendment claims, Ms. Andrews contends that she can prevail on her conditions of confinement claim (Count I) and adequate medical care claim (Count VII) by showing that Defendants acted in an objectively unreasonable manner rather than showing that Defendants were deliberately indifferent.  ECF No. 131.  Defendants, however, assert that the Court should continue to apply the deliberate indifference standard—meaning that the defendant "must actually have known or been aware of the excessive risk to inmate safety."  ECF No. 132 at 3–5 (citing *Bistrian v. Lev*i, 696 F.3d 352, 367 (3d Cir. 2012));  *see also*, ECF No. 132 at 3 (citing *Farmer v. Brennan* , 511 U.S. 825, 842 (1994)) (noting that even under deliberate indifference, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.").

Both parties acknowledge that federal courts are split[2] on whether *Kingsley*'s holding with respect to the objectively unreasonable standard in Fourteenth Amendment pretrial detainee

---

[2] *Compare Brawner v. Scott Cnty.*, 14 F.4th 585, 593 (6th Cir. 2021) ("[W]e agree … that *Kingsley* requires modification of the subjective prong of the deliberate-indifference test for pretrial detainees.") *and Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) ("[W]e hold that claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard.") *and Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) ("We thus conclude, … that medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*.");  *Darnell v. Pineiro*, 849 F.3d 17, 34-35 (2d Cir. 2017) ("Following … *Kingsley*, there is no basis for the reasoning … that the subjective intent requirement for deliberate indifference claims under the Eighth Amendment… must apply to deliberate indifference claims under the Fourteenth Amendment.") *and Whitney v. City*

excessive force claims applies to other pretrial detainee conditions of confinement claims.  ECF NO 131 at 4;  ECF No. 132 at 5.

### 3. Plaintiff's Request to Apply *Kingsley*'s Objectively Unreasonable Standard to Her Conditions of Confinement and Adequate Medical Care Claims will be DENIED.

The Third Circuit has not decided whether *Kingsley*'s rationale extends to other Fourteenth Amendment claims by pretrial detainees outside of the excessive force context.  In *Moore v. Luffey*, a non-precedential opinion, the Third Circuit declined to address whether *Kingsley*'s objective unreasonableness standard should apply instead of the deliberate indifference standard because the pretrial detainee's claims of inadequate medical care failed under both the objectively unreasonable standard and the deliberate indifference standard.  *Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019).

In applying the Fourteenth Amendment to pretrial detainee claims, the Third Circuit has ruled that "the Fourteenth Amendment affords pretrial detainees protections at least as great as the Eighth Amendment."  *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003); *see also Edwards v. Northampton Cnty.*, 663 F. App'x 132, 136–37 (3d Cir. 2016).  As such, even after *Kingsley*, courts in this Circuit have generally continued to apply the deliberate indifference standard when analyzing certain types of Fourteenth Amendment claims raised by pretrial

---

*of St. Louis*, 887 F.3d 857, 861 n.4 (6th Cir. 2021) *with Cope v. Cogdill*, 3 F.4th 198, 207 n.7 (5th Cir. 2021) (concluding in a footnote that "[s]ince *Kingsley* discussed a different type of constitutional claim, it did not abrogate our deliberate-indifference precedent.") *and Strain v. Regalado*, 977 F.3d 984, 991 (10th Cir. 2020) ("[T]he force of *Kingsley* does not apply to the deliberate indifference context.") *and Whitney v. City of St. Louis*, 887 F.3d 857, 861 n.4 (8th Cir. 2018) (noting that *Kingsley* does not control for the prohibition on jail officials acting with deliberate indifference towards risks of suicide because *Kingsley* is an excessive force case) *and Dang by & through Dang v. Sheriff, Seminole Cnty.*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) ("regardless of whether *Kingsley* could be construed to have affected the standard for pretrial detainees' claims involving inadequate medical treatment due to deliberate indifference, whatever any resulting standard might be, it could not affect [this] case".).

detainees. *See Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 314 (D.N.J. 2015) *aff'd*, 657 F. App'x 134 (3d Cir. 2016) (acknowledging *Kingsley*, but "[c]onsistent with the law in this Circuit" applying the deliberate indifference standard to a pretrial detainee's inadequate medical care claim); *Parker v. Butler Cnty.*, 832 F. App'x 777, 780 n.1 (3d Cir. 2020) (applying the deliberate indifference standard to a pretrial detainee's claims, because "[w]hile [plaintiff's status as a pretrial detainee] affects the source of his constitutional right, it does not dramatically affect the substance of our analysis here."); *Lawniczak v. Cnty. of Allegheny*, 811 F. App'x 743, 745–46 (3d Cir. 2020) (applying the deliberate indifference standard for a failure to prevent a detainee's suicide); *Heagy v. Ortiz*, 2021 U.S. Dist. LEXIS 125960, at *7 n.27 (E.D. Pa July 7, 2021) (noting that regardless of whether "Plaintiff was a pretrial detainee at all times during his incarceration … the same standard applies" for Plaintiff's inadequate medical care claim); *Martin v. GEO Grp., Inc.*, 2020 U.S. Dist. LEXIS 44579, at *13 n.4 (E.D. Pa. March 13, 2020) (noting that "[t]he standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis."); *but see Palakovic v. Wetzel*, 854 F.3d 209, 223–24 (3d Cir. 2017) (applying the deliberate indifference standard to detainee failure to protect from suicidal action claim, but noting a detainee may prove that defendant knew (or should have been known) of the detainee's particular vulnerability to suicide).

In the context of inadequate medical care claims under the Fourteenth Amendment, district courts in this Circuit that have explicitly considered *Kingsley* have nonetheless continued to apply the deliberate indifference standard.[3] *Williams v. Robinson*, 2018 U.S. Dist. LEXIS 159576, at *7

---

[3] Although Ms. Andrews cites *Davis v. City of Philadelphia*, 284 F. Supp. 3d 744 (E.D. Pa. 2018) for the proposition that the objective standard should apply, Judge McHugh, in a later case, applied the deliberate indifference standard to a pretrial detainee's medical claim even while citing the principles set forth in *Davis*. *See Brown v. CEC*, No. 16-4640, 2020 U.S. Dist. LEXIS 128144, at *9 (E.D. Pa. July 21, 2020). Further, in *Davis*, Judge McHugh noted "that several cases suggest that [plaintiff's inadequate medical care] allegations would satisfy the deliberate indifference standard, as well." *Davis*, 284 F. Supp. 3d at 757.

n.2 (D.N.J. September 18, 2018) ("The Court makes note of … *Kingsley*, … which calls into question the propriety of applying the Eighth Amendment analysis to pretrial detainees …. As the Third Circuit has not announced a different test for pretrial detainees, this Court applies the Eighth Amendment test to Plaintiff's claims"); *Coward v. Lanigan*, 2016 U.S. Dist. LEXIS 41428, at *12 n.3 (D.N.J. March 29, 2016) (same); *Cortez v. Berks Cnty. Jail Sys.*, No. 21-CV-3450, 2021 U.S. Dist. LEXIS 159388, at *4 n.5 (E.D. Pa. Aug. 24, 2021) (citing *Moore v. Luffey* for the proposition that a pretrial detainee's inadequate medical care claim is analyzed under same deliberate indifference standard used to evaluate similar claims brought under the Eighth Amendment).

Count I of Ms. Andrews' Third Amended Complaint advances what appears to be a conditions of confinement claim based on a failure to protect Ms. Andrews from harm by placing her in a RHU for various periods while she was at ACJ. ECF No. 97 ¶¶ 167–70 (alleging that Defendants "have deliberately chosen to disregard the obvious and intolerable risk of keeping Ms. Andrews in solitary confinement…. [which] exposes her to a substantial risk of serious harm in violation of the Fourteenth Amendment to the U.S. Constitution."). Indeed, the allegations in Ms. Andrews' Third Amended Complaint track the typical elements of a failure to protect claim: (1) she was incarcerated under conditions posing a substantial risk of serious harm, *see* ECF No. 97 ¶ 170, (2) Defendants were deliberately indifferent to that substantial risk to her health and safety, *see* ECF No. 97 ¶ 168, and (3) Defendants' deliberate indifference caused her harm, *see* ECF No. 97 ¶ 169. *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (listing the failure to protect elements for a pretrial detainee).

The Third Circuit has considered the appropriate standard to be applied when a pretrial detainee asserts a conditions of confinement claim based on a failure to protect theory. *Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135−36 (3d Cir. 2016). Although it did not address

*Kingsley* specifically, the Third Circuit noted that while "we have not previously addressed the standard governing a pretrial detainee's conditions of confinement claim … in a precedential opinion, *we have stated in dicta that the state of mind requirement for prisoners' failure to protect claims —'deliberate indifference'— applies also to pretrial detainees' claims…. and find no reason to apply a different standard here* as we have applied the 'deliberate indifference' standard both in cases involving prisoners … and pretrial detainees." *Id.* (internal citations and quotations omitted) (emphasis added). The Third Circuit proceeded to apply the deliberate indifference standard to the detainee's conditions of confinement claims with respect to the hygienic issues in his cell and the failure to implement and enforce adequate MRSA precautions. *Id.* 135–37; *Geiger v. Curry*, No. 21-2244, 2021 U.S. Dist. LEXIS 186398 (E.D. Pa. Sep. 29, 2021) (applying the deliberate indifference standard for a Fourteenth Amendment claim based on the failure to protect); *see also Williams v. Russell*, No. 20-CV-3511, 2021 U.S. Dist. LEXIS 210084, at *21–24 (E.D. Pa. Oct. 29, 2021) (applying deliberate indifference standard to a Fourteenth Amendment conditions of confinement claim based on the denial of showers); *Forshey v. Huntingdon Cnty.*, No. 1:13-CV-00285, 2016 U.S. Dist. LEXIS 172090, *9–12 (M.D. Pa. Dec. 9, 2016), *report and recommendation adopted by*, 2017 U.S. Dist. LEXIS 4527 (M.D. Pa. Jan. 12, 2017) (applying deliberate indifference standard to a Fourteenth Amendment conditions of confinement claim based on the "failure to install air conditioning in the main cell block, the failure to have round-the-clock medical staffing, the failure to install a thermometer in the main cell block, and the leaving of hot showers running").

Ms. Andrews' Motion in Limine seeks to extend *Kingsley*'s rationale beyond Fourteenth Amendment excessive force claims to encompass her conditions of confinement (Count I) and adequate medical care (Count VII) claims. However, the Third Circuit has not applied *Kingsley*'s

rationale beyond the scope of excessive force claims and district courts in this Circuit have continued to apply the deliberate indifference standard to the types of Fourteenth Amendment claims at issue here. Accordingly, Ms. Andrews' Motion in Limine to Apply the Objectively Unreasonable Standard to Her Fourteenth Amendment Claims will be **DENIED**.

### 4. Discussion of Parties' Jury Instructions

The Court's foregoing ruling on Ms. Andrews' Motion in Limine to Apply the Objectively Unreasonable Standard to Her Fourteenth Amendment Claims, ECF No. 130, impacts the parties' joint proposed jury instructions for her Fourteenth Amendment conditions of confinement claim (Count I).

Although the parties state that the instruction for Ms. Andrews' Fourteenth Amendment conditions of confinement claim (Count I) is adapted from the Third Circuit Model Jury Instruction # 4.11.1 (Denial of Adequate Medical Care under the Eighth Amendment), the elements of their proposed joint jury instruction appear to follow the elements of a condition of confinement claim under the Eighth Amendment[4] with the substitution of the deliberate indifference standard for an objectively unreasonable standard. ECF No. 118 at 9–11. As noted above, the elements set forth in Count I of Ms. Andrews' Third Amended Complaint, which is the operative pleading, appear more analogous to a conditions of confinement claim related to a failure to protect.

Further, the Court notes that the parties have represented to the Court that they agree on the above instruction, which applies the objectively unreasonable standard. *See* ECF No. 118 at 9–11. However, the Motion in Limine, ECF No. 130, was filed on October 20, 2021, *after* the

---

[4] *Compare* ECF No. 118 at 9-11 (Plaintiff must prove two things: "First: Ms. Andrews was deprived of a basic human need. Second: Defendant acted in an objectively unreasonable manner to the risk that Ms. Andrews would be deprived of a basic human need.") *with McClure v. Haste*, 820 F. App'x 125, 128-29 (3d Cir. 2020) (noting that the required elements for a conditions of confinement claim are: (1) an objectively and sufficiently serious deprivation resulting in the denial of the minimal civilized measure of life's necessities, and (2) a showing that a prison official acted with deliberate indifference to the inmate's health or safety).

parties filed their proposed joint jury instructions on October 13, 2021. As such, the Court considers the Motion in Limine, ECF No. 130, as representing the parties' most recent positions on the issues, and the Court will direct the parties to revisit the jury instructions in light of this ruling.

## IV. Conclusion

For the foregoing reasons, the Court HEREBY ORDERS as follows:

A. Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Criminal Record & Misconducts, ECF No. 128, is **GRANTED** in part and **DENIED** in part as follows:

   i. Ms. Andrews' request to exclude her June 20, 2019 theft conviction is **DENIED** to the extent Defendants seek to use such conviction as impeachment evidence under Rule 609(a)(1)(A) and the Court will provide the jurors with a limiting instruction. The parties are ordered to provide a proposed limiting instruction, consistent with Fed. R. Evid. 105 and Third Circuit Model Jury Instruction 2.10, on or before **December 29, 2021**, for the Court's consideration.

   ii. The remainder of Ms. Andrews' Motion is **GRANTED**, and testimony or other evidence of the following is excluded:

      a. Ms. Andrews' criminal charges;
      b. Ms. Andrews' convictions, except for the June 20, 2019 theft conviction which is admissible as impeachment evidence as addressed in Section III.A.2 *supra*;
      c. Ms. Andrews' sentences;
      d. Ms. Andrews' juvenile record;

      e.  Ms. Andrews' detentions; or

      f.  Ms. Andrews' misconducts except those that both (1) relate to Ms. Andrews' Section 1983 Fourteenth Amendment conditions of confinement claim and (2) concern the alleged reason for placing her in restricted housing, which Ms. Andrews did not contest in her Motion.

B. Plaintiff's Motion in Limine to Apply the Objectively Unreasonable Standard to Her Fourteenth Amendment Claims, ECF No. 130, is **DENIED**.

DATED this 20th day of December, 2021.

                               /s/ Christy Criswell Wiegand
                               CHRISTY CRISWELL WIEGAND
                               United States District Judge

cc (via ECF email notification):

All Counsel of Record